UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00099-MR

| | |
|---|---|
| DUSTIN GENE SCOTT,         )<br>                            )<br>         **Plaintiff,**     )<br>                            )<br>vs.                         )<br>                            )<br>HARVEN A. CROUSE DETENTION  )<br>CENTER, et al.,             )<br>                            )<br>         **Defendants.**   )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's letter to the Clerk, [Doc. 6]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.    BACKGROUND**

Pro se Plaintiff Dustin Gene Scott ("Plaintiff") is currently detained at McDowell Detention Center in Marion, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on July 20, 2022, related to events occurring while he was detained at Defendant Harven A. Crouse Detention Center (the "Jail") in Lincolnton, Lincoln County, North Carolina. [Doc. 1]. Plaintiff also names the following Defendants in their individual and official capacities: Bill Beam, Lincoln County Sheriff; Lieutenant Vida Reid; Nurse Lisa LNU;

Sergeant Mark Morel; Intake Officer Terra Eckerd; and First Sergeant Mark Eaker. [Id. at 1-4].

Plaintiff alleges as follows. Plaintiff, a white Muslim, was detained at the Jail for a nonviolent misdemeanor. Defendant Reid, who was biased against and disliked Plaintiff because of his race and religion, misclassified Plaintiff for placement in "high risk" block B. [Doc. 1 at 3]. Defendant Eckerd, the intake officer, tried to place Plaintiff in a different, lower custody block, but "it wouldn't let her" do it and Eckerd did not want to "cause any more problems with [Defendant Reid] by undermining her." [Id. at 3, 7]. Only Defendant Reid could approve Plaintiff's custody classification. [Id. at 2]. Despite being on "keep away" status from fellow inmate Chris Williams, Plaintiff was placed in the same block as Williams. [Id. at 5]. Plaintiff begged Defendant Morel to be moved from block B. Morel laughed but told Plaintiff that the keep away would not be overlooked. [Id. at 3, 7].

On the night of April 15, 2022, and again the next morning, Plaintiff was "brutally assaulted" by fellow inmate Dustin Boggess while housed in block B. [Id. at 5, 8]. On the night of the 15th, Boggess ran into Plaintiff's cell, past Plaintiff's two cellmates, to stomp on and kick Plaintiff while Plaintiff was on the floor. [Id. at 8]. Plaintiff screamed for help, but none came. Plaintiff "was refused medical PC that night." [Id.]. The next morning, on April 16, 2022,

2

Boggers returned and assaulted Plaintiff while he was sleeping. Plaintiff woke up to being kicked and stomped in the head, chest, ribs, back, and face. [Id. at 8].

After the second assault, Defendant Nurse Lisa LNU "'briefly' accessed [Plaintiff's] damaged side bruised and visible air pocket." [Id. at 2]. Defendant Morel "partially did vitals" and "[a]greed with Defendant LNU that Plaintiff "should suck it up and tough it out!" Plaintiff had "obvious and immediate trouble breathing" and a visible bulge under his left armpit. At that time, Defendant Morel and Defendant LNU also refused Plaintiff's request for protective custody. [Id. at 7-8]. As a result of these assaults, Plaintiff suffered a concussion, a fractured shoulder and fractured ribs, a collapsed lung, and two broken fillings. [Id. at 5]. On April 21, 2022, after Plaintiff's release from the Jail, he was admitted to CMC Lincoln for emergency pneumothorax surgery by Daniel Rashid, M.D. [Id. at 2, 8].

As to Defendant Eaker, Plaintiff alleges that he "continually allowed an inmate on 'keep away' status to remain on [the] same floor" as Plaintiff and failed to investigate Plaintiff's classification claims and wrongful placement in block B. [Id. at 7]. Out of reluctance to undermine a superior officer, presumably Defendant Reid, Defendant Eaker allowed the assault to occur. [Id. at 4]. Plaintiff also alleges that Defendants Reid and Eaker failed to act

3

Case 5:22-cv-00099-MR   Document 9   Filed 08/31/22   Page 3 of 16

when Plaintiff's cellmates told them of Plaintiff's unconsciousness and injuries "after the assault(s) happened." [Id. at 7].

As to Defendant Beam, Plaintiff alleges that Beam, as superintendent, neglected his duties and failed to protect Plaintiff by "being indifferent to the safety and daily proceedings of the wards of the Detention Center under his control" and allowing his staff to "disregard warnings of keep away." [Id. at 1-2, 7].

Plaintiff asserts two claims from these alleged events, one for "failure to protect from assault" against Defendants Reid, Morel, Eckerd, Beam, and Eaker and one for "grossly deficient medical care" against Defendants LNU and Morel. [Id. at 5, 7]. For injuries, Plaintiff claims physical injuries and mental and emotional distress. [Id. at 5]. Plaintiff seeks monetary relief. [Id. at 9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

4

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A. Defendant Jail

Defendant Jail is not a proper Defendant in this matter because it is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff has failed

to state a claim against this Defendant and the Court will dismiss it.

**B.     Official Capacity Claims**

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)).  The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036).  That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation."  Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted).  "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law."  Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38).

Plaintiff purports to sue Defendant Beam, the Lincoln County Sheriff, and the other Defendants, who are employees of the Lincoln County Sheriff's Office, in their official and individual capacities.  Plaintiff, however,

fails to allege that any official policy was the moving force behind or otherwise played a part in any constitutional violation. Plaintiff alleges only that Defendant Beam allowed his employees to disregard keep away warnings. This does not amount to an official policy or custom sufficient to support a claim against the Office of Sheriff. Moreover, Plaintiff was not attacked by the inmate he was supposed to be separated from, Chris Williams, but rather by a different inmate, Dustin Boggess. As such, Plaintiff has not alleged any connection between any Sheriff's Office policy and the harm suffered by Plaintiff here. Plaintiff, therefore, has failed to state a claim against Defendants in their official capacities and these claims will be dismissed.

### C. Failure to Protect

"A failure-to-protect claim brought by a pretrial detainee constitutes a due process claim under the Fourteenth Amendment to the United States Constitution." McFadden v. Butler, No. TDC-16-0437, 2018 WL 1394021, at *4 (D. Md. Mar. 19, 2018) (citing Smith v. Sangamon Cty. Sheriff's Dep't, 715 F.3d 188, 191 (7th Cir. 2013)). "Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner." Id. (citing Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992) (citations omitted)). "Thus, the standards for a Fourteenth Amendment

7

Case 5:22-cv-00099-MR   Document 9   Filed 08/31/22   Page 7 of 16

failure-to-protect claim are the same as those for a comparable claim brought by a convicted prisoner under the Eighth Amendment." Id. (citations omitted). To show deliberate indifference under the Eighth Amendment, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL 2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Further, the deprivation alleged must be, objectively, sufficiently serious." Id. at 235-36 (citation and internal quotation marks omitted); see Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010) ("[A] prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions.") (quoting Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003))).

Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing

a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Id. A prison official, however, cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." Price v. Sasser, 65 F.3d 342, 345-46 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 826).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, he has failed to state a claim against any Defendant based on the failure to protect. Plaintiff alleges that he was placed in block B due to an improperly motivated misclassification by Defendant Reid. He does not allege, however, that Reid had actual knowledge that Plaintiff's placement in block B created some substantial risk of serious harm to Plaintiff or that Reid was even aware that Plaintiff and Williams were to be separated. Moreover, Plaintiff alleges that he was attacked by Boggess, not Williams, and draws no connection between these two inmates or between the keep away status and the attacks. It seems rather that Plaintiff implicitly claims that he would not have been attacked by Boggess had he been properly placed in lower custody

9

Case 5:22-cv-00099-MR Document 9 Filed 08/31/22 Page 9 of 16

housing consistent with his nonviolent misdemeanor charge.

As for Defendant Eckard, Plaintiff alleges only that she tried to change Plaintiff's classification, but the system would not let her, and she did not want to undermine Defendant Reid's decision. As for Defendant Eaker, Plaintiff only vaguely alleges that Eaker failed to investigate Plaintiff's wrongful placement on block B and allowed Plaintiff and Williams to remain on the same floor. Finally, as to Defendant Morel, Plaintiff alleges that Plaintiff begged Morel to be moved from block B and that Morel laughed but told Plaintiff that "keep away would not be overlooked." None of these allegations rise to the level of deliberate indifference. That is, Plaintiff has not alleged that (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) any Defendant was deliberately indifferent to that substantial risk to his health and safety, and (3) such Defendant's deliberate indifference caused him harm. Plaintiff, therefore, has failed to state a claim for relief based on the failure to protect against Defendants Reid, Eckard, Eaker, and Morel and the Court will dismiss these claims.

### D. Individual Capacity Claim Against Defendant Beam

Plaintiff also sues Defendant Beam in his individual capacity. The doctrine of respondeat superior, however, does not apply in actions brought

10

Case 5:22-cv-00099-MR Document 9 Filed 08/31/22 Page 10 of 16

under § 1983. See Monell, 436 U.S. at 694. Rather, to establish liability under § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). In the context of a failure to protect claim, a plaintiff must prove not only that "prisoners face a pervasive and unreasonable risk of harm from some specific source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Nichols v. Maryland Correctional Institution—Jessup, 186 F.Supp.2d 575, 583 (D. Md. Feb. 1, 2002) (citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984) (internal citation omitted)).

Here, Plaintiff alleges that Defendant Beam's employees violated Plaintiff's rights and that Beam allowed his employees to "disregard warnings of keep away" and "[f]ailed to protect from previous knowledge of keep away." [Doc. 1 at 2]. Plaintiff has not alleged that there existed a pervasive and unreasonable risk of harm to Jail detainees that Beam failed to correct or tacitly authorized, which is necessary to support an individual capacity claim against Defendant Beam. Moreover, again, Plaintiff was not attacked by Williams, but by Boggess. Plaintiff makes no allegation that anything Beam did or did not do related to Boggess' attacks on Plaintiff.

11

Case 5:22-cv-00099-MR Document 9 Filed 08/31/22 Page 11 of 16

Plaintiff, therefore, has failed to state a claim against Defendant Beam in his individual capacity and Defendant Beam will be dismissed as a Defendant in this matter.

**E. Medical Care**

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.[1] Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a

---

[1] Because Plaintiff was a pretrial detainee at the relevant times, his deliberate indifference claims are properly brought under the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to arrestee's deliberate indifference claims). However, the Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' deliberate indifference claims. See e.g., Young v. City of Mt. Rainer, 238 F.3d 567, 575 (4th Cir. 2001); Martin, 849 F.2d at 863. In Kingsley v. Hendrickson, the United States Supreme Court held that, to state an excessive force claim, a pretrial detainee must only show that the force "purposefully and knowingly used against him was objectively unreasonable" because, although prisoners may not be punished cruelly or unusually, pretrial detainees may not be punished at all. 576 U.S. 389 (2015). Some circuits have held, in light of Kingsley, that an objective reasonableness standard should apply in custodial contexts beyond excessive force. See e.g., Hardeman v. Curran, 933 F.3d 816 (7th Cir. 2019) (extending the objective standard to conditions of confinement cases): Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (same); Castro v. City of Los Angeles, 833 F.3d 1060, 1069-70 (9th Cir. 2016) (*en banc*) (extending the objective reasonableness standard to failure to protect claims). The Fourth Circuit has not yet addressed this question. See e.g. Duff v. Potter, 665 Fed. App'x 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but declining to disturb the district court's ruling on plaintiff's claim of deliberate indifference to a serious medical need for procedural reasons). The Court will apply the deliberate indifference standard in this case, as the relevant Fourth Circuit case law has not been overruled and the Fourth Circuit has not expressed any intention to do so. See e.g., Shover v. Chestnut, 798 Fed. App'x 760, 761-62 (4th Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's medical claim without discussing Kingsley).

plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional

13

mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Taking Plaintiff's allegations as true for the purposes of this initial review and drawing all reasonable inferences in his favor, the Court concludes that Plaintiff's claim for deliberate indifference to his serious medical needs by Defendants LNU and Morel on the morning of April 16, 2022, is not clearly frivolous. As such, this claim will proceed on initial review. Plaintiff, however, has not stated a claim based on any denial of care on April 15, 2022, because he has only alleged a general denial of medical care that night not associated with any particular Defendant(s).

## IV. PLAINTIFF'S LETTER TO THE CLERK

Plaintiff sent a letter directed to the Clerk in which Plaintiff addresses various aspects of this case, including his prisoner trust account statement, the unavailability of the grievance procedure to him, and his efforts to subpoena video footage of the incidents. [Doc. 6]. Plaintiff is admonished that sending such letters to the Clerk is improper. [See Doc. 3 at ¶ 5 ("Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court.")]. Plaintiff also failed to list a case number at the top of the first page of his letter as directed. [See id. at ¶ 4].

Plaintiff is strongly encouraged to read the Order of Instructions and to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of this Court before filing any more pleadings or other documents with this Court. Future failures by Plaintiff to abide by the Order of Instructions, including but not limited to filing improper documents in this matter, may result in his filings being stricken and/or the summary denial of relief sought therein.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's claim for the failure to protect him against Defendants Harven A. Crouse Detention Center, Beam, Reid, Morel, Eckard, and Eaker is dismissed on initial review. Plaintiff's claim based on deliberate indifference to Plaintiff's serious medical needs against Defendants Lisa LNU and Morel survives initial review.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's claim based on deliberate indifference to Plaintiff's serious medical needs against Defendants Morel and LNU in their individual capacities survives initial review in accordance with this Order. Plaintiff's claim based on the failure to protect and Plaintiff's official capacity claims fail initial review and are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants Harven A. Crouse Detention Center, Bill Beam, Vida Reid, Terra Eckerd, and Mark Eaker are **DISMISSED** as Defendants in this matter.

The Clerk of Court is instructed to direct the U.S. Marshal to effectuate service upon Defendants Lisa LNU and Mark Morel with the summonses filed at Docket Entry No. [1-2] at pages 7-8 and 9-10, respectively.

**IT IS SO ORDERED**.

Signed: August 30, 2022

Martin Reidinger
Chief United States District Judge