UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00099-MR

| | |
|---|---|
| DUSTIN GENE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LISA LNU, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Defendants Production of Documents, Records, Files, Video, Audio Evidence for Complaint to Plaintiff," [Doc. 11], which the Court construes as a motion to compel discovery.

On August 31, 2022, Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983, survived initial review as to Plaintiff's claim for deliberate indifference to his serious medical needs against Defendants Lisa LNU and Mark Morel. [Doc. 9]. Defendants have been served and their answers are not yet due. Plaintiff now moves that the Court order Defendants to produce certain "relevant files, documents and video footage." [Doc. 11]. The Court will deny Plaintiff's motion. The Court has not yet entered a Pretrial Order and Case Management Plan ("PTOCMP") in this case. Any requests for discovery are,

therefore, premature. Once the Court has entered the PTOCMP in this case, the Plaintiff may serve discovery requests on Defendants. Discovery requests should not be filed with the Court. They should be served on the opposing party only. Moreover, a plaintiff cannot compel production of documents or things that have not been properly requested of a defendant in this first instance. A motion to compel discovery should only be filed in accordance with the Federal Rules of Civil Procedure and only after a defendant has failed to properly respond to a proper discovery request.

Plaintiff is cautioned that future improper discovery requests or motions may be summarily stricken from the record in this matter.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 11] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge