UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00099-MR

| DUSTIN GENE SCOTT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| LISA LNU, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment, [Doc. 37], and "Motion to Amend Complaint to add Defendant's Lisa LNU Last Name Crowder,"[1] [Doc. 41], and Defendant LNU's Motion to Set Aside Default, [Doc. 39].

Pro se Plaintiff Dustin Gene Scott ("Plaintiff") is currently detained at the Cleveland County Detention Center in Shelby, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on July 20, 2022, related to events alleged to have occurred while he was detained at Defendant Harven A. Crouse Detention Center (the "Jail") in Lincolnton, Lincoln County, North Carolina. [Doc. 1]. Plaintiff's claim against Defendants Captain Mark Morel

---

[1] The Court will grant this motion, which it construes as a motion to substitute Defendant LNU's true full name, and direct the Clerk to update the docket to reflect Defendant LNU's true full name as Lisa Crowder.

1

and Nurse Lisa Crowder survived initial review based on their alleged deliberate indifference to Plaintiff's serious medical needs. [Doc. 9 at 14-15]. Plaintiff's other claim based on the failure to protect Plaintiff from harm and the remaining Defendants were dismissed for Plaintiff's failure to state a claim for relief. [Id. at 15-16].

Defendants were served on September 6, 2022, and their answers were due on September 27, 2022. [Doc. 12]. Major H. Eason at the Lincoln County Sheriff's Office accepted service on behalf of Defendant Crowder. [Doc. 12]. On September 22, 2022, Defendant Morel filed a motion to dismiss Plaintiff's Complaint, which the Court denied.[2] [Doc. 34]. Plaintiff timely moved for entry of default against Defendant Crowder after her failure to answer Plaintiff's Complaint. [Doc. 29]. On January 18, 2023, the Court granted Plaintiff's motion for entry of default and ordered the Clerk to enter default, which the Clerk did the same day. [Docs. 34, 35]. In its Order granting entry of default, the Court noted as follows:

> Although there is some question whether proper service was made on Defendant LNU through Major Eason's acceptance of service on her behalf, "a return of service showing service on its face constitutes prima facie evidence of service." Davis v. Jones, No. 5:12-cv-143-RJC, 2013 WL 4494713, at *2 (W.D.N.C. Aug. 19, 2013 (citing Grimsley v.

---

[2] No counsel had appeared for Defendant Crowder, and she did not answer the Complaint or join in Defendant Morel's motion.

2

> Nelson, 342 N.C. 542, 545 (1996)). Defendant LNU may overcome the presumption of valid service with the "affidavits of more than one person showing unequivocally that proper service was not made" upon her. Id. (quoting Grimley, 342 N.C. at 545).

[Doc. 34 at n.7].

Defendant Crowder now moves to have the default lifted. [Doc. 39]. Defendant Crowder also asks the Court to grant her leave to file her answer and allow the case to proceed on the merits.[3] [Doc. 40 at 22]. As grounds to lift default, Defendant Crowder argues and/or shows by Affidavit that (1) she acted quickly on learning of the entry of default to correct the mistake, (2) she has strong and meritorious defenses to Plaintiff's claims, (3) the circumstances leading to the entry of default resulted from excusable neglect, (4) she was never personally or individually served with process in this action and that Major Eason was not authorized to accept service on her behalf, (5) she has not been dilatory in this action, (6) the Plaintiff will not be prejudiced by lifting the entry of default, and (7) the interests of justice are best served by lifting the default and allowing the case to proceed on the merits. [Doc. 40 at 1-3; Doc. 39-2: Crowder Aff.; Doc. 39-3: Humphries Aff.] For good cause shown, the Court will grant Defendant Crowder's motion and

---

[3] Defendant Crowder also states that, should the motion to lift entry of default be granted, she will move for dismissal of Plaintiff's Complaint against her on several grounds. [Doc. 40 at 7].

lift the default in this matter. The Court, therefore, will deny Plaintiff's Motion for Default Judgment. The Court will allow Defendant Crowder 14 days from this Order to answer or otherwise plead in response to Plaintiff's Complaint.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Crowder's Motion to Set Aside Entry of Default [Doc. 39] is **GRANTED**, and the default entered in this matter against Defendant Crowder [Doc. 35] is hereby **LIFTED and SET ASIDE**.

**IT IS FURTHER ORDERED** that Defendant Crowder shall answer Plaintiff's Complaint within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment [Doc. 37] is **DENIED** and Plaintiff's Motion to Amend Party Name [Doc. 41] is **GRANTED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to update the docket in this matter to reflect Defendant Lisa LNU's true full name as Lisa Crowder.

**IT IS SO ORDERED**.

Signed: February 28, 2023

Martin Reidinger
Chief United States District Judge