UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00099-MR

| | |
|---|---|
| DUSTIN GENE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| LISA CROWDER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel Discovery; Require Defendant to Comply with Interrogatories, and Impose Sanctions in violation of Public Records Act and Freedom of Information Act." [Doc. 58].

Pro se Plaintiff Dustin Gene Scott ("Plaintiff") filed this action on July 20, 2022, pursuant to 42 U.S.C. § 1983, against several Defendants associated with the Harven A. Crouse Detention Center (the "Jail") in Lincolnton, North Carolina. [Doc. 1]. Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Mark Morel and Lisa Crowder survived initial review. [Doc. 9]. The remaining claims and remaining Defendants were dismissed. [Id. at 15-16]. The current discovery deadline

is July 6, 2023, and the dispositive motions deadline is August 7, 2023. [Doc. 51].

Now before the Court is Plaintiff's motion to compel and for sanctions.[1] [Doc. 58]. As grounds, Plaintiff states that Defendant Morel refuses to produce "requested stored digital media for inspection, and duplication," submits "inadmissible hearsay responses to Plaintiff's interrogatories, neglecting to answer key parts of certain questions pertaining to prior employment, and termination, and training." [Id. at 1]. Plaintiff asks the Court to order defense counsel "to refrain from intentionally, and deliberately attempting to manipulate previously submitted documents, statements, and interrogatories." [Id. at 2]. Plaintiff also asks the Court to impose sanctions for counsel's and Defendant Morel's "intentional disregard of Discovery, and denial of crucial electronically stored information, data, and other tangible evidence" and failing to produce certain documents, including "emergency sick call, verbal grievances per policy 608.4.1, insurance coverage for liability or other coverage, and any other documents to purport a claim or defense to such claim." [Id. at 3]. Plaintiff attaches to his motion a copy of what he contends were the "proposed questions" he sent to defense counsel, as well

---

[1] Although Plaintiff asks the Court to direct "the Defendants" to respond to his discovery requests, the disputed discovery request was directed at Defendant Morel only.

2

Case 5:22-cv-00099-MR   Document 60   Filed 05/30/23   Page 2 of 4

as a copy of Defendant Morel's Response to Interrogatories and Admissions. [Docs. 58-1, 58-2]. Plaintiff, however, includes no request for production showing that he requested the documents and things he complains have not been produced. Plaintiff also fails to certify that he has conferred or attempted to confer in good faith with Defendant in accordance with Rule 37(a) of the Federal Rules of Civil Procedure before filing this motion. [See id.]. Defendant Morel responded to Plaintiff's motion. [Doc. 59]. Defendant Morel argues that Plaintiff failed to certify that he had conferred with Defendant before filing the motion, that Defendant Morel responded to Plaintiff's interrogatories on May 1, 2023; and that Plaintiff never served a request for production of documents on Defendant.

The Court will deny Plaintiff's motion to compel. As noted, Plaintiff failed to satisfy Rule 37(a)(1)'s certification requirement before filing the motion. Even if Plaintiff had complied with this Rule, he has failed to show that Defendant's interrogatory responses were insufficient or that he served a discovery request directed at obtaining the video and documentary evidence he complains is missing. Moreover, other than one "proposed question" from Plaintiff's purported request that is missing from Defendant Morel's response, [see Doc. 58-1 at 2 ("8)"), Doc. 58-2 at 3], any discrepancy between Plaintiff's purported request and Defendant Morel's responses

appears insignificant. Plaintiff has failed to show any grounds for sanctions against Defendant Morel or his attorney. The Court, therefore, will also deny Plaintiff's motion for sanctions.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 58] is **DENIED**.

Martin Reidinger
Chief United States District Judge