UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00099-MR

| DUSTIN GENE SCOTT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| LISA CROWDER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Defendant Lisa Crowder's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 4, 8, and 12(b)(2), (4), (5), and (6). [Doc. 48].

**I.    BACKGROUND**

Pro se Plaintiff Dustin Gene Scott ("Plaintiff") is currently detained at the Cleveland County Detention Center in Shelby, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on July 20, 2022, related to events alleged to have occurred while he was detained at Harven A. Crouse Detention Center (the "Jail") in Lincolnton, Lincoln County, North Carolina. [Doc. 1]. On August 31, 2022, Plaintiff's claim against Defendants Captain Mark Morel and Nurse Lisa Crowder in their individual capacities survived initial review based on their alleged deliberate indifference to Plaintiff's

serious medical needs. [Doc. 9 at 14-15]. Plaintiff's other claim based on the failure to protect Plaintiff from harm and the remaining Defendants were dismissed for Plaintiff's failure to state a claim for relief. [Id. at 15-16].

Defendants were purportedly served on September 6, 2022. On September 13, 2022, the U.S. Marshals Service filed an executed summons reflecting that Captain H. Eason at the Lincoln County Sheriff's Office ("LCSO") accepted service on behalf of Defendant Lisa Crowder on September 6, 2022.[1] [Doc. 12]. As such, the answers of both Defendants were supposedly due on September 27, 2022. [Id.]. At the relevant times, however, Defendant Crowder was a certified medical assistant employed by IMS Correctional Services, not with the LCSO, even though she was working at the Jail. [Doc. 39-2 at ¶ 4]. Defendant Morel moved to dismiss Plaintiff's Complaint for Plaintiff's alleged failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), before filing this action. [Doc. 13 at 1]. Meanwhile, after Defendant Crowder failed to timely answer Plaintiff's Complaint, Plaintiff moved for entry of default against her. [Doc. 29]. On January 18, 2023, the Court denied Defendant Morel's motion to dismiss and granted Plaintiff's motion for entry

---

[1] Captain Eason has since attained the rank of Major, as hereinafter referenced. [Doc. 39-2 at ¶ 7].

of default. [Doc. 34]. The Court noted that, "[a]lthough there is some question whether proper service was made on Defendant [Crowder] through Major Eason's acceptance of service on her behalf, "a return of service showing service on its face constitutes prima facie evidence of service." Davis v. Jones, No. 5:12-cv-143-RJC, 2013 WL 4494713, at *2 (W.D.N.C. Aug. 19, 2013 (citing Grimsley v. Nelson, 342 N.C. 542, 545 (1996)). [Id. at n.7]. The Clerk promptly entered default against Defendant Crowder, [see Doc. 35], and Plaintiff moved for default judgment, [Doc. 37]. About a week later, on February 2, 2023, counsel for Defendant Crowder filed a Notice of Appearance; a Motion to Set Aside Default, including Affidavits by Crowder and Judy Kay Humphries, the Director of Nursing for IMS Correctional Services and Crowder's supervisor; and a supporting Memorandum. [Docs. 38-40].

In her motion to set aside entry of default, Defendant Crowder argued that there was good cause to set aside entry of default, including that (1) she was not personally or individually served with process in this action, (2) she acted quickly to "correct the mistake," (3) she had a strong and meritorious defense, (4) she had not been dilatory in her actions, (5) Plaintiff would not be prejudiced if the Court set aside the default, and (6) the interests of justice would best be served by setting aside the entry of default and allowing the

case to proceed on its merits. [Doc. 39]. The Court granted Defendant Crowder's motion to set aside entry of default "for good cause shown" and ordered Defendant Crowder to answer Plaintiff's Complaint. [Doc. 46 at 3-4]. Defendant Crowder simultaneously filed an Answer to Plaintiff's Complaint and the pending motion to dismiss under Rule 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure. [Docs. 47, 48]. In support of her motion, Defendant Crowder submits a brief, her own Affidavit, and the Affidavit of Judy Humphries.[2] [Doc. 49; see Doc. 48 at 2, Docs. 39-2 & 39-3]. Defendant Crowder argues that this Court lacks personal jurisdiction over her because Major Eason was not authorized to accept service on her behalf and, therefore, process and service of process were insufficient under Rule 4(e) of the Federal Rules of Civil Procedure and 4(j) of the North Carolina Rules of Civil Procedure. [Doc. 49 at 4-7]. She also argues that Plaintiff has failed to state a claim for relief against her in any event. [Id. at 8-17].

In response, Plaintiff argues that Defendant Crowder made a general appearance in the case by, among other things, moving to set aside the entry of default and, therefore, waived any defects in this Court's jurisdiction. [Doc. 52 at 1-2]. Plaintiff also states that the Court already allowed the case to

---

[2] That is, Defendant Crowder implicitly incorporates by reference the Affidavits submitted by Crowder and Humphries in support of Crowder's motion to set aside entry of default. [Doc. 48 at 1-2].

4

Case 5:22-cv-00099-MR   Document 61   Filed 05/30/23   Page 4 of 10

proceed on the merits on initial review and that he would not further address the sufficiency of his allegations "unless further directed to do so by this Court." [Id. at 4]. Defendant Crowder replied, [Doc. 55] and Plaintiff filed an unauthorized surreply, [Doc. 57], which the Court will strike from the record in this matter. The matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

The procedural requirement that a summons be properly served must be satisfied before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Accordingly, a "motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5)." O'Meara v. Waters, 464 F.Supp.2d 474, 476 (D. Md. 2006). Once the sufficiency of service is challenged, the Plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Fed. R. Civ. P. 4. See, e.g., Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996).

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citation omitted). Moreover, actual notice of the proceedings cannot cure insufficient service

of process and does not give the court jurisdiction over the party. Blaylock v. AKG North America, 877 S.E.2d 394, 398 (N.C. App. 2022).

## III. DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure prescribes the methods through which a summons and complaint in a civil action may be served on an individual. A plaintiff may obtain service by delivering a copy of the summons and the complaint to the defendant personally, by leaving a copy at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by delivering a copy to "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons." North Carolina Rule of Civil Procedure 4(j) provides that service on an individual shall be made by, among other ways, "delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process…." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1). Service of process cannot be effected on a defendant by serving individuals at her place of employment that are not authorized to accept service of process. Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

To satisfy the burden of proving that service of process was valid as to

each Defendant, the Plaintiff must submit proof that service was properly effected. "[A] return of service showing service on its face constitutes prima facie evidence of service." Davis v. Jones, No. 5:12-cv-143-RJC, 2013 WL 4494713, at *2 (W.D.N.C. Aug. 19, 2013 (citing Grimsley v. Nelson, 342 N.C. 542, 545 (1996)). To rebut, a defendant must provide "affidavits of more than one person showing unequivocally that proper service was not made" upon her. Davis, at *2 (quoting Grimley, 342 N.C.at 545).

Here, as noted, Major Eason with the LCSO accepted service for Defendant Crowder. On the Proof of Service, the U.S. Marshal noted that Eason "is designated by law to accept service of process on behalf of [the] Lincoln Co. SO. on 9-6-22." [Doc. 12 at 2]. Defendant Crowder argues that this was insufficient because she was not served in any matter provided in Rule 4 of the North Carolina or Federal Rules of Civil Procedure. [Doc. 49 at 6-7]. To that end, she attests that the address on the Summons is not the address of her dwelling place or usual place of abode,[3] that the Summons and Complaint have never been delivered to her dwelling house or place of abode, that she did not sign for the Summons and Complaint in this matter, and that she has never been personally served with a copy of the Summons and Complaint. [Doc. 39-2 at ¶ 9]. Defendant Crowder acknowledges that

---

[3] Rather, it is the address of the LCSO.

7

Plaintiff attempted to serve her at her workplace. [Doc. 49 at 7]. Defendant Crowder, however, attests that, at the time of delivery of the Summons and Complaint, she had not authorized – by appointment, law, or other means – Major Eason to accept service of process on her behalf. Even though Defendant Crowder works at the LCSO, she is not an employee of the LCSO and has no employment relationship with Maj. Eason. [Doc. 39-2 at ¶ 9]. Similarly, Humphries attests "upon information and belief" that Defendant Crowder's Affidavit testimony regarding the lack of service is correct. [Doc. 39-3 at ¶ 11]. Despite the Court's suggestion several months ago that Plaintiff's service on Defendant Crowder through Major Eason may not have been proper, Plaintiff has made no further attempts at properly serving Crowder.

Notwithstanding the questionable evidentiary value of Ms. Humphries' Affidavit, the Proof of Service filed by the U.S. Marshal fails on its face to reflect proper service in any event. That is, it reflects that Major Eason is designated by law to accept service "*on behalf of [the] Lincoln Co. SO.*" Nowhere does the Proof of Service show, however, that Major Eason was designated to accept service on behalf of Defendant Crowder and the law does not support that Eason would be authorized to accept service for Defendant Crowder, particularly as a medical assistant for an independent

8

Case 5:22-cv-00099-MR    Document 61    Filed 05/30/23    Page 8 of 10

healthcare services entity.  The fact that she works at that *location* is irrelevant.  Moreover, Defendant Crowder unequivocally attests that she was never served with the Summons and Complaint under Rule 4 of the Federal or North Carolina Rules of Civil Procedure and, specifically, that Major Eason was not authorized by law, appointment or otherwise to accept service for her.  As such, Plaintiff never attained service on Defendant Crowder.

Plaintiff argues that Defendant Crowder made a general appearance in the case by, among other things, moving to set aside the entry of default and, therefore, waived any defects in this Court's jurisdiction.  [Doc. 52 at 1-2].  While personal jurisdiction over a defendant can be acquired by her "voluntary appearance and submission," In re Blalock, 64 S.E.2d 848, 855 (N.C. 1951), the exercise of such jurisdiction over a defendant must nonetheless comport due process, see Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014). Under the circumstances here, where Plaintiff failed to effect service on Defendant Crowder and Crowder very promptly moved to set aside entry of default against her, while simultaneously objecting to Plaintiff's purported service, including the submission of evidence conclusively refuting proper service, the Court cannot find that the exercise of jurisdiction over her would comport with due process.  To allow a plaintiff to serve a defendant by service on an unrelated

9

person and then claim that there is a proper assertion of *in personam* jurisdiction over that defendant resulting from moving to set aside such service would turn Rule 4 upside down. Lacking personal jurisdiction over Defendant Crowder, the Court must grant her motion to dismiss for insufficient service of process and lack of personal jurisdiction. As such, the Court does not address whether Plaintiff's allegations were sufficient to state a medical deliberate indifference claim against Defendant Crowder.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court will grant Defendant Crowder's motion to dismiss.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Crowder's Motion to Dismiss [Doc. 48] is **GRANTED** and Defendant Crowder is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's unauthorized surreply [Doc. 57] is **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.   Signed: May 29, 2023

Martin Reidinger
Chief United States District Judge