UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00099-MR

| | |
|---|---|
| DUSTIN GENE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ) | |
| MARK MOREL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Compel Discovery; Extendition [*sic*] of Discovery; and Appointment of NCPLS as for Discovery and Dispositive Motions Phase" [Doc. 67]; Defendant's Response to Plaintiff's Motion to Compel and Extend Discovery [Doc. 69]; and Plaintiff's "Reply … and Motion for Sanctions" [Doc. 71].

Pro se Plaintiff Dustin Gene Scott ("Plaintiff") filed this action on July 20, 2022, pursuant to 42 U.S.C. § 1983, against several Defendants associated with the Harven A. Crouse Detention Center (the "Jail") in Lincolnton, North Carolina. [Doc. 1]. Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Mark Morel and Lisa Crowder survived initial review. [Doc. 9]. The remaining claims and

remaining Defendants were dismissed. [Id. at 15-16]. Plaintiff's surviving claim relates to events he alleges occurred on April 16, 2022. [See id. at 2-3]. On May 12, 2023, Plaintiff moved to compel discovery responses from Defendant Morel, claiming that Morel refused to produce certain documents and provided insufficient and incomplete responses to Plaintiff's interrogatories. [Doc. 58]. In response, Defendant Morel asserted that he responded to Plaintiff's interrogatories on May 1, 2023, and that Plaintiff never served a request for production of documents on Defendant. [Doc. 59].

On May 30, 2023,[1] the Court denied this motion to compel, noting that Plaintiff failed to include a request for production of documents showing that he had requested the documents and things he complained had not been produced and that he had failed to certify that he had conferred or attempted to confer in good faith with Defendant Morel in accordance with Rule 37(a) of the Federal Rules of Civil Procedure before filing the motion. [Doc. 60]. The Court also noted that Plaintiff "failed to show that … he served a discovery request directed at obtaining the video and documentary evidence he complains is missing." [Id. at 3]. The discovery deadline was July 6,

---

[1] The Court granted Defendant Crowder's motion to dismiss her as a Defendant the same day. [Doc. 61]. Plaintiff has moved the Court to reconsider its Order dismissing Defendant Crowder. [Doc. 65]. That motion remains pending.

2

2023, and the dispositive motions deadline was August 7, 2023.[2]  [Doc. 51].

Now before the Court is Plaintiff's motion for extension of the discovery deadline, second motion to compel discovery, and motion for appointment of counsel.[3]  [Doc. 67].  Plaintiff asks the Court to compel Defendant "to comply with the discovery in this action."  [Id. at 1].  Plaintiff states that he "has sought release of crucial video of the date of cause of this action; April 16th, 2022."  [Id.].  Plaintiff states that he "has made several attempts to elicit video footage of the Intake/Booking of Harven A. Crouse Detention Center for April 16th, 2022 in the afternoon…[f]or Defendant to release it during Discovery and/or his employers to release it for review, copying, and presenting to trial."[4]  [Doc. 67-1 at 1].  Plaintiff states that he mailed "these attempts" to defense counsel on March 27, 2023; April 14, 2023; and May 5, 2023.  [Id.].  Plaintiff contends that "Defendant has either ignored these requests, lied about Plaintiff's letters mailed out with Interrogatories."  [Doc. 67 at 1].  Plaintiff asks the Court to extend the discovery deadline by 30 days, which

---

[2] On August 4, 2023, Defendant moved for summary judgment.  [Doc. 72].  The Court will separately issue a Roseboro Order.

[3] Plaintiff dated the motion July 2, 2023, and it was postmarked July 6, 2023.  [Doc. 67 at 3; Doc. 67-2].  The Court, therefore, will consider it timely filed before the expiration of the current discovery deadline.

[4] Plaintiff has not presented information showing and the docket does not reflect that Plaintiff sought to subpoena video footage from the Detention Center.

3

"will suffice for these good faith conferences." [Id.]. Plaintiff also asks the Court to appoint the North Carolina Prisoner Legal Services (NCPLS) to assist with discovery and dispositive motions. [Id.]. In response, Defendant Morel does not object to the discovery extension, but argues that Plaintiff's motion to compel should be denied because Plaintiff failed to comply with Local Rule 7.1 and Rule 37(a)(1) and because Defendant responded to Plaintiff's interrogatories and Plaintiff "never sent Defendant a request for production of documents." [Doc. 69].

Plaintiff replied to Defendant's response and moves for sanctions. [Doc. 71]. Plaintiff contends that defense counsel "was intentionally lying" in his response because Plaintiff did serve a request for production of documents on Defendant. Plaintiff claims that defense counsel has "utilized the status of Plaintiff pro se formality to abuse certain ethics, and border on grounds for which entitle immediate relief." [Id. at 2]. Plaintiff attaches to his Reply a copy of what appears to be excerpts from Plaintiff's Request for Production of Documents in this case [see Doc. 71 at 6] and from Defendant's Response and the corresponding Certificate of Service [see id. at 7-8]. In his Request for Production, Plaintiff sought production of video footage of "Bravo Block, the Hallway, and in Booking/Intake BEFORE, DURING, AND AFTER medical emergency sick call on April 16th, 2022." [Id.

4

at 6]. Defendant's Response, which was served on June 13, 2023, provided that he "has no documents responsive to this request."[5] [Id. at 8].

The Court will deny Plaintiff's second motion to compel. Plaintiff has again failed to satisfy Rule 37(a)(1)'s certification requirement before filing the motion. While Plaintiff claims that he thrice made "attempts" to obtain video footage of the incident, he has not certified that he "in good faith conferred or attempted to confer" with Defendant Morel about the allegedly missing discovery. Rather, it appears that he is seeking the discovery extension to conduct "good faith conferences" relative to "objected to and omitted requests."[6] [See Doc. 67 at 2]. Moreover, Plaintiff again failed to include a copy of the disputed discovery request for video evidence with his motion to compel, despite the Court's previous admonition. Rather, he included excerpts of his discovery Request and Defendant's Response thereto only after Defendant responded to his Motion to Compel. [See Doc.

---

[5] Plaintiff asserts that "Defendant ONLY responded to the second [Request for Production of Documents] sent, on May 12th, 2023." [Doc. 71 at 3]. It appears from all the information before the Court that Plaintiff means that Defendant only responded to Plaintiff's April 14, 2023 request by a response dated May 12, 2023.

[6] Plaintiff also failed to satisfy Local Rule 7.1, which provides that any civil motions, other than dispositive motions, motions where the moving party is represented and the non-moving party is unrepresented, or certain motions for extension of time, "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel." LCvR 7.1 (b).

5

71 at 6-8]. Finally, according to Plaintiff's own materials, Defendant responded to the disputed discovery request. [Id. at 7]. The Court must deny Plaintiff's motion to compel under these circumstances.

The Plaintiff also seeks an extension of the discovery deadline [Doc. 67], which expired on July 6, 2023, the day Plaintiff's motion for extension was postmarked [Doc. 51; see Doc. 67-2]. As grounds, Plaintiff states "an extension of 30 days will suffice for good faith conferences … to remedy these objected to and omitted requests." [Doc. 67 at 2]. The only discovery issue Plaintiff raises, however, is defense counsel's alleged failure to produce a video of the alleged April 16, 2022 incident. Defendant has responded to Plaintiff's request for this footage, stating that he has nothing responsive to Plaintiff's request [Doc. 71 at 7], and the record does not show that Plaintiff sought to subpoena this footage from the Detention Center. Additional time to confer with defense counsel regarding this dispute over video footage would be futile. The Court, therefore, will deny Plaintiff's motion for an extension of the discovery deadline.[7] If this matter proceeds to trial and on proper motion, the Court will address the issue of spoliation and

---

[7] The Court will, however, *sua sponte* extend the deadline for Plaintiff to file dispositive motions in this matter.

6

Case 5:22-cv-00099-MR    Document 75    Filed 08/18/23    Page 6 of 8

determine whether an adverse evidentiary inference against Defendant Morel may be drawn relative to the potentially missing video footage.

The Court will also deny Plaintiff's motion for appointment of the NCPLS to assist with discovery and dispositive motions.  While the NCPLS may be appointed in cases filed by North Carolina state prisoners against current or former employees of the North Carolina Department of Adult Corrections, this is not such a case.  <u>See</u> Case No. 3:19-mc-60, Doc. 1: Standing Order.  Moreover, as Plaintiff was previously advised, a plaintiff must present "exceptional circumstances" to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987); <u>see</u> Doc. 56.  Here, Plaintiff states no grounds in support of his motion for counsel, let alone "exceptional circumstances."  [<u>See</u> Doc. 67].  The Court, therefore, will deny Plaintiff's motion for counsel.

Finally, the Court will deny Plaintiff's motion for sanctions against defense counsel.  Plaintiff claims that defense counsel "lied" about whether Plaintiff served a request for production of documents on Defendant.  [Doc. 71 at 1, 4; <u>see</u> Doc. 69 at 3].  While it appears that defense counsel misspoke regarding whether Plaintiff had served a request for production of documents, Plaintiff has showed that Defendant responded to his Request

7

for Production well before Plaintiff filed the subject motion to compel. The Court finds that sanctions are unwarranted under these circumstances, particularly where Plaintiff was not prejudiced by defense counsel's misstatement. <u>See</u> <u>Mey v. Phillips</u>, 71 F.4th 203 (4th Cir. 2023) (discussing circumstances under which discovery sanctions are appropriate).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 67] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions [Doc. 71] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff has 30 days from this Order to file dispositive motions.

**IT IS SO ORDERED**.

Signed: August 18, 2023

Martin Reidinger
Chief United States District Judge