# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:22-cv-00099-MR

| | |
|---|---|
| DUSTIN GENE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LISA CROWDER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Reconsider, Reverse and Reinstate Defendant Crowder in Action, & Motion to Reinstate Entry of Default." [Doc. 65].

## I. BACKGROUND

Pro se Plaintiff Dustin Gene Scott ("Plaintiff") is currently detained at the Cleveland County Detention Center in Shelby, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on July 20, 2022, related to events alleged to have occurred while he was detained at Harven A. Crouse Detention Center (the "Jail") in Lincolnton, Lincoln County, North Carolina. [Doc. 1]. On August 31, 2022, Plaintiff's claim against Defendants Captain

Mark Morel and Nurse Lisa Crowder[1] in their individual capacities survived initial review based on their alleged deliberate indifference to Plaintiff's serious medical needs. [Doc. 9 at 14-15]. Plaintiff's other claim based on the failure to protect Plaintiff from harm and the remaining Defendants were dismissed for Plaintiff's failure to state a claim for relief. [Id. at 15-16].

Defendants were ostensibly served on September 6, 2022, and their answers were due on September 27, 2022.[2] [Doc. 12]. After Defendant Crowder failed to timely answer Plaintiff's Complaint, Plaintiff moved for entry of default against her. [Doc. 29]. On January 18, 2023, the Court granted Plaintiff's motion for entry of default, noting that, "[a]lthough there is some question whether proper service was made on Defendant [Crowder] through Major Eason's acceptance of service on her behalf, "a return of service showing service on its face constitutes prima facie evidence of service." [Doc. 34 at n.7 (citing Davis v. Jones, No. 5:12-cv-143-RJC, 2013 WL 4494713, at *2 (W.D.N.C. Aug. 19, 2013) (citing Grimsley v. Nelson, 342 N.C. 542, 545 (1996))). The Clerk promptly entered default against

---

[1] At the relevant times, Defendant Crowder was a certified medical assistant with IMS Correctional Services working at the Jail. [Doc. 39-2 at ¶ 4].

[2] On September 13, 2022, the U.S. Marshals Service filed an executed summons reflecting that Captain H. Eason at the Lincoln County Sheriff's Office ("LCSO") accepted service on behalf of Defendant Lisa Crowder on September 6, 2022. [Doc. 12]. Captain Eason has since attained the rank of Major, as hereinafter referenced. [Doc. 39-2 at ¶ 7].

Defendant Crowder, [see Doc. 35], and Plaintiff moved for default judgment, [Doc. 37].  About a week later, on February 2, 2023, counsel for Defendant Crowder appeared and Defendant Crowder moved to set aside the entry of default.  [Docs. 38-40].  Defendant Crowder argued that there was good cause to set aside entry of default, including that (1) she was not personally or individually served with process in this action, (2) she acted quickly to "correct the mistake," (3) she had a strong and meritorious defense, (4) she had not been dilatory in her actions, (5) Plaintiff would not be prejudiced if the Court set aside the default, and (6) the interests of justice would best be served by setting aside the entry of default and allowing the case to proceed on its merits.  [Doc. 39].  In her Affidavit in support of her motion to set aside entry of default, Defendant Crowder testified in that, on September 7, 2022, "Major Eason informed [her] that [she] had been sued by Dustin Scott."  [Doc. 39-2 at ¶¶ 5, 8].

The Court granted Defendant Crowder's motion to set aside entry of default "for good cause shown" and ordered Defendant Crowder to answer Plaintiff's Complaint.  [Doc. 46 at 3-4].  Defendant Crowder simultaneously filed an Answer to Plaintiff's Complaint and moved to dismiss Plaintiff's Complaint under Rule 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure.  [Docs. 47, 48].  Defendant Crowder argued that this Court lacks

3

personal jurisdiction over her because Major Eason was not authorized to accept service on her behalf and, therefore, process and service of process were insufficient under Rule 4(e) of the Federal Rules of Civil Procedure and 4(j) of the North Carolina Rules of Civil Procedure. [Doc. 49 at 4-7]. She also argued that Plaintiff has failed to state a claim for relief against her in any event. [Id. at 8-17]. In response, Plaintiff argued that Defendant Crowder made a general appearance in the case by, among other things, moving to set aside the entry of default and, therefore, waived any defects in this Court's jurisdiction. [Doc. 52 at 1-2].

On May 29, 2023, the Court granted Defendant Crowder's Motion to Dismiss. [Doc. 61]. The Court found that:

> the Proof of Service filed by the U.S. Marshal fails on its face to reflect proper service…. That is, it reflects that Major Eason is designated by law to accept service "*on behalf of [the] Lincoln C. SO.*" Nowhere does the Proof of Service show, however, that Major Eason was designated to accept service on behalf of Defendant Crowder and the law does not support that Eason would be authorized to accept service for Defendant Crowder, particularly as a medical assistant for an independent healthcare services entity. The fact that she works at that *location* is irrelevant. Moreover, Defendant Crowder unequivocally attests that she was never served with the Summons and Complaint under Rule 4 of the Federal or North Carolina Rules of Civil Procedure and, specifically, that Major Eason was not authorized by law, appointment or otherwise to accept service for her. As such, Plaintiff never

4

attained service on Defendant Crowder.

[Doc. 61 at 8-9]. The Court further concluded that exercising jurisdiction over Defendant Crowder under all the circumstances would not comport with due process. [Id. at 9-10 (citing Universal Leather, LLC v. Koro, AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014))]. Plaintiff appealed the Court's Order granting Defendant Crowder's Motion to Dismiss. [Doc. 62]. Then, on July 7, 2023, the Court received and docketed the pending motion.[3] [See Doc. 65 at 1]. Plaintiff asks the Court to reconsider its dismissal of Defendant Crowder from this matter and reenter default against her "as an appropriate sanction," or, alternatively, to issue a Certificate of Appealability to allow Plaintiff to appeal the Court's Order. [Id.].

In support of his motion, Plaintiff contends that the Court should "reverse" its Order dismissing Defendant Crowder because "Defendant Crowder intentionally lied to this Court to avoid justice." [Doc. 65 at 1 (emphasis in original)]. Plaintiff argues that "Defendant Crowder knew about her being sued but failed to act promptly, failed to seek redress, and possibly conspired with third parties to feign invalid proof of service of process." [Id.].

---

[3] The Certificate of Service attached to Plaintiff's motion states that it "was deposited in the Care of Cleveland County Detention Center indigent mail to be deposited in the United States Postal Service" on June 26, 2023. [Doc. 65-3]. In his reply to Defendant Crowder's response to Plaintiff's motion, Plaintiff states that he deposited his motion "in the indigent mail system via the mail officer … at Cleveland County Detention Center on June 27th, 2023." [Doc. 70 at 2-3].

5

Case 5:22-cv-00099-MR   Document 77   Filed 08/31/23   Page 5 of 13

Plaintiff argues that the chronology Defendant Crowder prepared on September 7, 2023, on Sheriff's Office "letterhead" directed to "Jail Administration" regarding Plaintiff's medical care is "prima facie evidence that [Defendant Crowder] is in fact employed by the Detention Facility Medical Department and, therefore, Major Eason "was in fact allowed to accept service" on her behalf. [Id. at 3 (emphasis in original); see Doc. 65-1]. Plaintiff contends that this Court should have "directed the Plaintiff to try to re[-]serve the Defendant Crowder" or "sua sponte [order that] such possible action [by Major Eason] was improper acceptance." [Doc. 65 at 4-5]. Plaintiff argues that the Court erred in not "afford[ing] Plaintiff [the] mandatory extension" under Rule 4(m) of the Federal Rules of Civil Procedure and should now "allow the Plaintiff the opportunity to properly serve Defendant Crowder through her attorney Hunsucker." [Id.].

## II. ANALYSIS

A motion to reconsider may be considered as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). MLC Auto., LLC v. Town of S. Pines, 532 269, 278-80 (4th Cir. 2008). "The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that 'a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only

under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.'" Bank v. M/V "Mothership", 427 F.Supp.3d 655, 659 (D. Md. May 20, 2019) (quoting Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (citations omitted)). "A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60[.]" Id. at 659 (citation omitted).

Here, Plaintiff does not identify the Rule under which he purports to proceed, and he has presented inconsistent statements regarding when he deposited the pending motion for mailing with prison authorities. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that prisoner mail is deemed filed when it is deposited for mailing with prison authorities). If it was deposited for mailing on June 26, 2023, it was filed within 28 days of entry of the Court's Order and it is properly considered under Rule 59(e). If it was deposited for mailing on June 27, 2023, then it was filed 29 days after entry of the Court's Order and it is properly considered under Rule 60. Because the outcome is the same regardless, the Court will not require Plaintiff to obtain a prison mail log and will address Plaintiff's motion under both provisions.

7

## A. Rule 59(e)

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion

does not present evidence that was unavailable when he filed his response to Defendant Crowder's motion to dismiss, nor does his motion stem from an intervening change in the applicable law. Plaintiff lodges unsupported accusations that Defendant Crowder "intentionally lied to the Court" and that the "parties conspire[ed] to avoid legal action." Plaintiff argues that the Court should have determined that Defendant Crowder was properly served because she knew about the lawsuit and was "in fact employed by the Detention Facility Medical Department."[4] In this regard, Plaintiff makes arguments that he made or could have made before the Court dismissed Defendant Crowder.

Plaintiff also claims that the Court erred in not sua sponte extending the service period under Rule 4(m), "[s]ince this Court proved Good Cause by stating the service was improper." [Doc. 65 at 4]. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the

---

[4] The Court notes that the fact that Defendant Crowder prepared a chronology summarizing Plaintiff's medical care at the Jail on Sheriff's Office "letterhead" for review by Jail Administration does not convert Defendant Crowder to an employee of the Sheriff's Office. Moreover, Defendant Crowder has never denied knowing about the lawsuit. As noted, she attested in her Affidavit that Major Eason informed her on September 7, 2022, that she had been sued by Dustin Scott. [Doc. 39-2 at ¶¶ 5, 8]. She also testified that Major Eason and Captain Reid "asked [her] to write a statement that they could give to their attorneys so that the matter could be handled (which [she] did, and which was delivered to them)." [Id. at ¶ 10]. Knowledge of a lawsuit does not equate to service; nor is a defendant who rightly argues that they have not been properly served with process trying "to avoid justice."

9

> action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The plain language of this provision requires a Plaintiff – not the Court – to show good cause for the failure to timely make service. In January 2023, in granting Plaintiff's motion for entry of default against Defendant Crowder, the Court noted that "there [was] some question whether proper service was made on Defendant [Crowder] through Major Eason's acceptance of service on her behalf." [Doc. 34 at n.7]. The Court further noted that, "a return of service showing service on its face constitutes prima facie evidence of service," but that a defendant may overcome such evidence by unequivocally showing that proper service was not made. [Id.]. Despite this warning, Plaintiff did nothing and Defendant Crowder rightfully moved to dismiss the Plaintiff's Complaint for insufficient service of process. Moreover, failing to make proper service is not, as Plaintiff claims, good cause for extending the deadline under Rule 4(m) in any event. As such, to the extent Plaintiff claims that the Court erred in not extending the service period under Rule 4(m) after prima facie evidence of service on Defendant Crowder was in the record, this argument fails. Plaintiff, therefore, also fails to show that a clear error of law was made or that failure to grant the motion

10

would result in manifest injustice to him. See Hill, 277 F.3d at 708. The Court will, therefore, deny Plaintiff's motion under Rule 59(e).

B.   Rule 60

Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence …;
> (3) fraud …, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; … or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions under Rule 60(b) must be made within a reasonable time "and for reasons (1), (2), and (3) no more than a year after the entry of the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). "[A] Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). "Therefore, before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious [claim], [and] a lack of unfair prejudice to the opposing party." Id. (citing Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.). "[W]here a motion is for

11

reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Contractors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir. 1995). When seeking relief under Rule 60(b)(6), the movant must also "show extraordinary circumstances justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (internal quotation marks and alteration omitted.").

Plaintiff is not entitled to relief under Rule 60. Notwithstanding whether Plaintiff has presented a meritorious claim against Defendant Crowder in this matter, he has not shown any of the six grounds for relief under Rule 60 in the first instance or extraordinary circumstances justifying reopening the Court's judgment under Rule 60(b)(6). The Court will, therefore, deny Plaintiff's motion under Rule 60.

The Court will also deny Plaintiff's "motion to reinstate entry of default." Even if the Court had granted Plaintiff's motion to reconsider its order dismissing Defendant Crowder, Defendant Crowder filed an Answer in this matter and there would be no grounds for entry of default. Finally, the Court will also deny Plaintiff's alternative motion for a certificate of appealability. There are no grounds for such relief here.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 65] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 31, 2023

Martin Reidinger
Chief United States District Judge